UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURTUS EDWARD BROWN,

    Plaintiff,

v.

KING COUNTY,

    Defendant.

CASE NO. C08-260-JCC-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Kurtus Brown alleges in his complaint that, on two occasions, once in 2007 and once in 2008, he was held in the King County Jail beyond his release date. Plaintiff identifies King County as the sole defendant in his complaint. Defendant King County now moves for summary judgment. Plaintiff, despite having been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), has filed no response to defendant's motion. The Court, having reviewed defendant's motion for summary judgment, and the balance of the record, concludes that defendant's motion should be granted and that plaintiff's complaint, and this action, should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

FACTUAL BACKGROUND

Plaintiff asserts in his complaint that he was twice held in the King County Jail past the date on which he should have been released. (Dkt. No. 6 at 3.) The first occasion was in June 2007. According to plaintiff, he was supposed to be released from custody on June 11, 2007, but because corrections staff couldn't find the release paperwork he was not released until late the following day, June 12, 2007. (*Id.*) The second occasion was in January 2008. (*Id.*) Plaintiff asserts that he was booked into jail on December 31, 2007, for investigation of a Violation of the Uniform Controlled Substances Act ("VUCSA"), but was not charged within 72 hours. (*Id.*) Thus, according to plaintiff, he should have been released on January 3, 2008. (*Id.*) Plaintiff complains that he was not released on January 3 as he should have been and that on the morning of January 4, 2008, he was assaulted by another inmate which led to him serving additional unnecessary jail time.

Defendant King County, in its summary judgment papers, describes the events surrounding petitioner's release on June 12, 2007, and plaintiff's continued detention on January 4, 2008.

*1.  June 2007 Release*

On May 9, 2007, plaintiff was arrested by the Seattle Police Department for investigation of VUCSA and was booked into the King County Correctional Facility ("KCCF") in Seattle. (Dkt. No. 19 at 2.) The booking paperwork reveals that plaintiff was booked not only on the investigation of VUCSA charge, but also on warrants related to a violation of his community placement on a misdemeanor malicious mischief charge, and to his failure to appear in Seattle Municipal Court on a driving while license suspended charge. (*See id.* at 3 and Ex. 2.) It appears that these three "charges" were all resolved during the first couple of weeks of plaintiff's detention. (*Id.*)

However, on May 17, 2007, while plaintiff was still incarcerated on the original booking charges, a fourth charge of violating conditions of probation on a prior criminal trespass conviction was added. (*See* Dkt. No. 19, Ex. 2 at 2.) Plaintiff had a hearing on this charge before King County

REPORT AND RECOMMENDATION
PAGE - 2

Superior Court Suzanne Barnett on the afternoon of June 11, 2007. (Dkt. No. 19 at 3.) At that hearing, plaintiff apparently admitted to a number of violations of his conditions of parole. (*Id*.) Judge Barnett thereafter sentenced plaintiff to time served and signed an order directing that the King County Jail release him from custody on the charge upon which he was sentenced. (*See* Dkt. No. 19 at 3 and Ex. 3.)

A copy of Judge Barnett's order was apparently received at the jail sometime on June 11. (*See* Dkt. No. 19 at 4 and Ex. 4.) However, King County Department of Adult and Juvenile Detention ("KCDAJD") policy mandates that inmates be released pursuant to a release order *only* when the order is either a judge signed certified copy or "where the order is a judge signed yellow copy of the tripartite order sent to the jail by the court directly from the court hearing at which the release order is signed." (Dkt. No. 19 at 3-4.) The order on file in plaintiff's booking packet on June 11, 2007, did not meet the above criteria and, thus, plaintiff was not released on that date. (*Id*. at 4.) Plaintiff was instead released at approximately 12:33 p.m. on June 12, 2007, after a certified copy of Judge Barnett's release order was picked up at the Superior Court Clerk's Office by King County Department of Adult and Juvenile Detention staff. (*Id*. at 4.)

*2. January 2008 Detention*

On December 31, 2007, plaintiff was again arrested by the Seattle Police Department and was again booked into KCCF in Seattle for investigation of VUCSA. (*See id*., Ex. 6.) Plaintiff was transferred to the Regional Justice Center ("RJC") in Kent the following day, but was sent back to KCCF on January 2, 2008, so that he could be placed in psychiatric housing. (*Id*. at 5.) As a result of his transfer back to Seattle, plaintiff missed his first court appearance which had been scheduled at the RJC. (*Id*.) The hearing was held in plaintiff's absence and the court found probable cause to support plaintiff's arrest. (*Id*.) However, no bail was set because plaintiff was not present at the hearing. (*Id*.)

REPORT AND RECOMMENDATION
PAGE - 3

Another hearing was set for plaintiff the following day in Seattle. (Dkt. No. 19 at 5.) Plaintiff appeared for that hearing on the afternoon on January 3, 2008, and plaintiff was ordered released because no charges had been filed against him at that time. (*Id*.) Again, however, the jail did not receive the proper release paperwork and, thus, plaintiff was not immediately released. (*Id*.) The court was notified of this deficiency and a signed order of release was received by the jail on the following day, January 4, 2008. (*See id*. and Ex. 9.) However, prior to receipt of the signed order from the court, plaintiff was involved in a fight with his cell-mate. (*See id*. at 6 and Ex. 9.) Plaintiff's cell-mate suffered serious injuries and plaintiff was subsequently charged with second degree assault as a result of this incident. (*See id.*) On February 29, 2008, plaintiff pleaded guilty to a reduced charge of fourth degree assault. (*Id*., Ex. 12.) Plaintiff was sentenced on March 28, 2008, to 12 months in jail. (*Id*., Ex. 13.) Plaintiff, it appears, is no longer in the custody of the KCDAJD.[1]

## DISCUSSION

### Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues of material fact are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id*.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating

---

[1] On September 24, 2008, mail directed to plaintiff at his address of record, the King County Correctional Facility in Seattle, Washington, was returned to the Court with a notation indicating that plaintiff was no longer in jail. (Dkt. No. 22.) To date, plaintiff has not provided the Court with a new address.

REPORT AND RECOMMENDATION
PAGE - 4

a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on summary judgment, the court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

## Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

## Defendant King County

Defendant argues in its summary judgment motion that plaintiff's complaint is subject to dismissal because plaintiff has failed to plead any viable cause of action against King County. Defendant is correct. Plaintiff identifies King County as the party responsible for detaining him

REPORT AND RECOMMENDATION
PAGE - 5

1 | beyond his scheduled release date.  However, plaintiff fails to identify any policy or custom of King
2 | County which caused him harm of constitutional dimension.  He also fails to allege any facts
3 | demonstrating that King County has a policy or custom of detaining inmates unreasonably beyond
4 | their court ordered release date.  Plaintiff therefore fails to adequately allege a cause of action against
5 | defendant King County.

## CONCLUSION

For the foregoing reasons, this Court recommends that defendant's motion for summary judgment motion be granted and that plaintiff's complaint, and this action, be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of December, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6